UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIEZER TORRES,                         :
    *Petitioner*,                         :
                                        :
v.                                      :        Case No. 3:15-cv-630(JAM)
                                        :
JOHN TARASCIO,                          :
    *Respondent*.                         :

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Eliezer Torres was convicted of possessing heroin with the intent to sell it. He brings this action *pro se* for a writ of habeas corpus, principally arguing that his arrest and sentencing were based on intentionally false testimony. Because petitioner has not fully presented and exhausted his claims in the Connecticut state courts, I will dismiss his petition without prejudice to re-filing in the event that he properly exhausts his claims.

**BACKGROUND**

On October 22, 2010, detectives with the Bristol Police Department applied for a warrant to search petitioner's apartment in Bristol, Connecticut, for heroin and items used to process, distribute, and sell heroin. Doc. #1-1 at 2. The affidavit in support of the search warrant included statements about controlled purchases of heroin made by a confidential informant from petitioner. *Id.* at 3. A Connecticut Superior Court judge granted the application for a search warrant. *Id.* at 7.

On October 26, 2010, before executing the warrant to search the petitioner's apartment, officers with the Bristol Police Department pulled petitioner's car over after observing him allegedly engaged in transactions involving the sale of narcotics. *See State v. Torres*, 2015 WL 9242202, at *3 (Conn. Super. 2015). After stopping the car, an officer observed suspicious

packages in the map pocket on the driver's side of the car, and petitioner admitted that the packages contained heroin. *See ibid.* A search of the car and petitioner's person disclosed more than two thousand dollars in cash.

The officers placed petitioner under arrest for possession of narcotics with intent to sell. *See ibid.* They then went to petitioner's apartment and executed the search warrant. There, the officers seized five additional bags containing heroin and evidence reflecting that the apartment was petitioner's residence. *See id.* at *3–4.

Petitioner was charged with drug possession offenses in four different cases. Doc. #1 at 2. He pleaded guilty to one count of possession of narcotics with intent to sell in exchange for the other charges being dropped. *See ibid.* The Connecticut Superior Court imposed a total effective sentence of five years of imprisonment followed by five years of special parole. *Ibid.*

Petitioner did not appeal his conviction. *Id.* at 3. Instead, petitioner filed a state court habeas corpus petition, alleging ineffective assistance of counsel and the suppression of evidence that was favorable to him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner later withdrew this petition, apparently without a hearing and prior to a decision on the merits. *Id.* at 5–6.

Petitioner then filed this federal habeas corpus petition. For his first claim of relief, petitioner alleges that the warrant issued to search his apartment was based on false material statements made by the police. Doc. #1 at 9, 22–26. For his second claim of relief, petitioner alleges that the prosecution misrepresented the evidence against him at sentencing. *Id.* at 11.

According to petitioner, he did not previously raise these claims to the highest state court having jurisdiction over these claims. *Id.* at 17.

After filing the present federal petition, petitioner filed a motion to correct illegal sentence in the Connecticut Superior Court. *See Torres*, 2015 WL 9242202, at *1. Petitioner claimed that the prosecutor in his case included false and misleading evidence in his statement to the court during his sentencing hearing in 2011. *See ibid.* The Superior Court denied the motion. *See id.* at *6. Petitioner has also previously filed a federal lawsuit pursuant to 42 U.S.C. § 1983 against the Bristol Police Department and certain Bristol police officers arising from the same events described in this ruling, and that lawsuit was dismissed. *See Torres v. Town of Bristol*, 2015 WL 1442722 (D. Conn. 2015).

## DISCUSSION

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With certain exceptions, a prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is that a petitioner have previously presented and fully exhausted his federal claims in the state courts. *Id.*, § 2254(b)(1)(A); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "This requires that the prisoner fairly present his constitutional claim to the state courts, which he accomplishes by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014). As the Second Circuit has explained, the exhaustion rule "ensur[es] that state courts

receive a legitimate opportunity to pass on a petitioner's federal claims and that federal courts respect the state courts' ability to correct their own mistakes." *Galdamez v. Keane*, 394 F.3d 68, 72–74 (2d Cir. 2005) (Sotomayor, J.).

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 73–74 (2d Cir. 2005).

Petitioner concedes in his petition that he has not exhausted through the highest state court of Connecticut the claims that he now seeks to raise in this federal petition for habeas corpus. Doc. #1 at 10, 12. He did not pursue a direct appeal from his conviction, and he withdrew his state habeas corpus petition and so never presented it to the state's highest court. *Id.* at 5–6. Although petitioner has separately pursued a claim by way of a motion to correct illegal sentence in state court, he did not file that motion until after initiating this action, and there is no indication that he has pursued that claim to the Connecticut Supreme Court. Petitioner has not alleged any facts that would excuse him from fully pursuing relief in the Connecticut state courts before presenting his claim to the federal courts.

Accordingly, I will dismiss the petition without prejudice to re-filing in the event that petitioner fully exhausts his claims. If petitioner considers filing a new petition for writ of habeas corpus, he should consider that the federal courts do not generally have authority to address claims of a violation of the Fourth Amendment absent a showing that the state courts did not

permit a prisoner a full and fair opportunity to litigate the claim. *See, e.g.*, *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). Petitioner should also consider whether any federal petition that he may file will be time-barred. *See* 28 U.S.C. § 2244(d)(1). Petitioner should be prepared to show why he may raise any Fourth Amendment claims and why his petition would be timely filed.

## CONCLUSION

The petition for writ of habeas corpus (Doc. #1) is DISMISSED without prejudice for failure to exhaust state court remedies. Because petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment and close this case.

It is so ordered.

Dated at New Haven, Connecticut, this 19th day of January 2017.

                                                      /s/ *Jeffrey Alker Meyer*
                                                    Jeffrey Alker Meyer
                                                    United States District Judge